UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VICTOR ROBERT BROWN,

    Plaintiff,

v.               Case No. 19-cv-693-pp

NURSE CATHY LEMENS, *et al.*,

    Defendants.

---

VICTOR ROBERT BROWN,

    Plaintiff,

v.               Case No. 19-cv-694-pp

SUE PETERS, *et al.*,

    Defendants.

---

VICTOR ROBERT BROWN,

    Plaintiff,

v.               Case No. 19-cv-696-pp

SUE PETERS, *et al.*,

    Defendants.

---

VICTOR ROBERT BROWN,

    Plaintiff,

v.               Case No. 19-cv-697-pp

SUE PETERS, *et al.*,

    Defendants.

---

VICTOR ROBERT BROWN,

                Plaintiff,

v.                                                     Case No. 19-cv-699-pp

RACHAEL LARSON, *et al.*,

                Defendants.

---

**ORDER GRANTING THE PLAINTIFF'S MOTIONS FOR ORDERS (DKT. NO. 8 IN CASE NO. 19-CV-693; DKT. NO. 9 IN CASE NO. 19-CV-694; DKT. NO. 9 IN CASE NO.19-CV-696; DKT. NO. 9 IN CASE 19-CV-697; DKT. NO. 8 IN CASE 19-CV-699) AND DENYING MOTIONS TO CONSOLIDATE CASES (DKT. NO. 6 IN CASE NO. 19-CV-693; DKT. NO. 7 IN CASE NO. 19-CV-694; DKT. NO. 7 IN CASE NO. 19-CV-696; DKT. NO. 7 IN CASE NO. 19-CV-697; AND DKT. NO. 6 IN CASE NO. 19-CV-699)**

---

On May 13, 2019, the court received from Victor Robert Brown, a prisoner representing himself, five complaints under 42 U.S.C. §1983, causing the court to open five lawsuits: Brown v. Lemens, *et al.*, 19-cv-693-pp; Brown v. Peters, *et al.*, 19-cv-694-pp, Brown v. Peters, *et al.*, 19-cv-696-pp, Brown v. Peters, *et al.*, 19-cv-967-pp; and Brown v. Larson, *et al.*, 19-cv-699-pp. With each complaint, the plaintiff filed a "Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee." 19-cv-693-pp at Dkt. No. 2; 19-cv-694-pp at Dkt. No. 2; 19-cv-696-pp at Dkt. No. 2; 19-cv-967-pp at Dkt. No. 2; and 19-cv-699-pp at Dkt. No. 2. In support of these motions, the plaintiff filed the same trust account document—a single page titled "Trust Account Statement," covering the period April 13, 2019 through April 26, 2019. See, *e.g.*, 19-cv-693 at Dkt. No. 4. On that same day, the clerk of court sent the plaintiff a letter instructing him to provide the court with a trust account

statement covering the six-month period prior to the month in which he filed his complaint. 19-cv-693-pp at Dkt. No. 3; 19-cv-694-pp at Dkt. No. 3; 19-cv-696-pp at Dkt. No. 3; 19-cv-967-pp at Dkt. No. 3; and 19-cv-699-pp at Dkt. No. 3.

Since then, the court has received from the plaintiff a single motion (containing the caption for all five cases), asking the court to direct the business office at Green Bay Correctional Institution to provide the court with five copies of his trust account statement for the period November 2018 through May 2019. 19-cv-693-pp at Dkt. No. 8; 19-cv-694-pp at Dkt. No. 9; 19-cv-696-pp at Dkt. No. 9; 19-cv-967-pp at Dkt. No. 9; and 19-cv-699-pp at Dkt. No. 8. The motion asserts that the plaintiff has followed the institution's procedures to have his trust account statement provided to the court, but that the business office has been "messing around" to try to get his cases dismissed by not getting his trust account statements timely filed. Id. He attached a copy of the form he asserts he submitted to the Green Bay business office. 19-cv-693-pp at Dkt. No. 8-1 at 2; 19-cv-694-pp at Dkt. No. 9-1 at 2; 19-cv-696-pp at Dkt. No. 9-1 at 2; 19-cv-967-pp at Dkt. No. 9-1 at 2; and 19-cv-699-pp at Dkt. No. 8-1 at 2.

Courts generally are hesitant to interfere with a correctional institution's procedural rules, but a court also has a duty to determine "whether the prisoner is at fault in not supplying what the court requires from the inmate's trust account." Bell v. Kay, 847 F.3d 866, 868 (7th Cir. 2015). The plaintiff says that he has done what he is supposed to do to get the Green Bay business

office to provide the court with the trust account statement, but hasn't had any success. Under that circumstance, it is appropriate for the court to enter an order requiring the business office to provide the required trust account statement.

The plaintiff also has filed motions in each of the five cases, asking the court to consolidate all five of them into a single case. 19-cv-693-pp at Dkt. No. 6; 19-cv-694-pp at Dkt. No. 7; 19-cv-696-pp at Dkt. No. 7; -cv-967-pp at Dkt. No. 7; and 19-cv-699-pp at Dkt. No. 6. The court received these motions only four days after it received the plaintiff's complaints. The plaintiff says that the court should consolidate the complaints because the defendants in each one were employed by the Department of Corrections, the claims against all the defendants are similar, all the claims involve medical issues, he filed all the complaints on the same date and "[i]f the court were to grant this motion it would create less litigation stress for all parties including the court." Id. at 2-3.

The court can't figure out why the plaintiff would file five different complaints in one day, wait four days, then ask the court to combine the five complaints into one. If all five complaints involved the same issues, the plaintiff should have filed a single complaint, naming all defendants and including all the facts. The court agrees with the plaintiff that it would be much easier and less stressful on everyone if he had filed a single complaint.

The court cannot, however, grant the plaintiff's motion to consolidate the cases now that he's filed them separately. That would require the court to go through and figure out which defendants were involved in which claims on

which dates; that is not the court's job. That is the plaintiff's job. If the plaintiff wants to proceed in a single case, the solution is for the plaintiff to select one of the cases and file an amended complaint in *that* case. The plaintiff should use the court's form complaint for that purpose—the court is including a blank complaint form for the plaintiff to use. He should write the word "Amended" at the top of the first page, next to the word "Complaint." He should put the case number for the single case he has selected in the line for the case number. He should list every defendant he wants to sue in the caption of the complaint, and in the section for listing defendants. In the "Statement of Claim" section, the plaintiff should list all the facts that support all the claims he wants to bring. For each claim, he should explain who violated his rights, what each person did to violate his rights, when they did it, where they did it and, if he knows, why they did it. Once the plaintiff files this single amended complaint, he can file a short, single-sentence motion in the other four cases, asking the court to dismiss those cases, and the court will do so.

The court notes that the plaintiff has filed other motions—motions to appoint counsel and motions for preliminary injunctions. The court will not take any action on those motions until the court has calculated and assessed, and the plaintiff has paid, the initial partial filing fees. The court can't do that until it gets the trust account statement from the Green Bay business office.

The court **ORDERS** that the plaintiff's motions for orders directing the Green Bay Correctional Institution to provide his six-month trust account statement are **GRANTED**. 19-cv-693-pp at Dkt. No. 8; 19-cv-694-pp at Dkt. No.

9; 19-cv-696-pp at Dkt. No. 9; 19-cv-967-pp at Dkt. No. 9; and 19-cv-699-pp at Dkt. No. 8.

The court **ORDERS** that the business office at Green Bay Correctional Institution shall provide the court with a certified copy of the plaintiff's trust account statement for the six-month period immediately preceding May 13, 2019, in time for the court to receive it by the end of the day on **August 9, 2019**. The business office need only file one copy of the trust account statement; the clerk's office will docket the statement in in each of the plaintiff's cases.

The court **DENIES** the plaintiff's motions to consolidate the five cases filed on May 13, 2019. 19-cv-693-pp at Dkt. No. 6; 19-cv-694-pp at Dkt. No. 7; 19-cv-696-pp at Dkt. No. 7; 19-cv-967-pp at Dkt. No. 7; and 19-cv-699-pp at Dkt. No. 6.

Dated in Milwaukee, Wisconsin, this 24th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**